[899 NYS2d 869]

In the Matter of Neda B. Imasuen (Admitted as Neda Bernards Imasuen), an Attorney, Respondent. Grievance Committee for the Second, Eleventh and Thirteenth Judicial Districts, Petitioner.

Second Department, May 11, 2010

APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Myron C. Martynetz* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts (hereinafter the Grievance Committee) moves to impose discipline on the respondent based on his failure to file an answer to the petition within 20 days, as the decision and order on application dated July 2, 2009 directed him to do, and to deem the charges against him, as set forth in the petition, established.

On July 20, 2009, the Grievance Committee personally served the respondent with the petition and the decision and order dated July 2, 2009. The petition contains two charges of professional misconduct based on the respondent's engaging in a pattern and practice of failing to cooperate with the Grievance Committee's investigation and neglect of a legal matter entrusted to him by a client, Daphne Slyfield.

The respondent has failed to either submit an answer to the petition within the time permitted or make an application for an extension of time in which to answer. He is, therefore, in default, and the charges against him must be deemed admitted.

Although served with the Grievance Committee's notice of motion to impose discipline on the respondent based on his default by mail on September 16, 2009, and in person on September 21, 2009, the respondent has failed to reply or request additional time in which to do so.

Accordingly, the respondent is in default and is disbarred on default.

PRUDENTI, P.J. RIVERA, SKELOS, FISHER and DILLON, JJ., concur.

Ordered that the petitioner's motion is granted upon the respondent's default; and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, Neda B. Imasuen, admitted as Neda Bernards Imasuen, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Neda B. Imasuen, admitted as Neda Bernards Imasuen, shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Neda B. Imasuen, admitted as Neda Bernards Imasuen, is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Neda B. Imasuen, admitted as Neda Bernards Imasuen, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).